**Entered on Docket**
**August 31, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed: August 31, 2007**

LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ASTARTE DAVIS-RICE,

Debtor.
________________________________/

No. 05-40818 TK
Chapter 7

KATHLEEN MARIE CLEMENTS,

Plaintiff,

vs.

ASTARTE DAVIS-RICE,

Defendant.
________________________________/

A.P. No. 06-4113 AT

**MEMORANDUM OF DECISION**

In this adversary proceeding, plaintiff Kathleen Marie Clements (the "Plaintiff") seeks a nondischargeable judgment against defendant Astarte Davis-Rice (the "Debtor"), the above-captioned chapter 7 debtor. Both Plaintiff and the Debtor have filed motions for summary judgment in their favor. The motions were heard on August 23, 2007 and were taken under submission. Having considered the undisputed evidence and the applicable law, the Court concludes that Plaintiff

is entitled to summary judgment in her favor and that Defendant is not. The reasons for the Court's decision are set forth below.

**SUMMARY OF UNDISPUTED FACTS**

Plaintiff is the conservator of the estate of James M. Rice ("Rice"), her father. The complaint in this adversary proceeding (the "Complaint") alleges that, in or about 1983, the Debtor began a romantic relationship with Rice. However, they never married.[1] They did move to the Virgin Islands where they lived together for a time. In 1986, Rice disappeared. He was declared legally dead in 1992, and the Plaintiff, Rice's daughter, was declared conservator of his estate.

In a criminal action filed in the United States District Court for the Virgin Islands, the Debtor was charged with unlawfully taking Rice's property. In 1992, a criminal judgment was entered against her, based on her guilty plea, for conspiracy, fraud, and forgery (the "Criminal Judgment").[2]

In 1993, a civil judgment was entered against the Debtor in the Contra Costa County Superior Court in the amount of $2,538,630 (the "Debt") based on causes of action for conspiracy, fraud, and forgery (the "Civil Judgment"). The Debtor's liability was established by default when the Debtor's answer was stricken for failure to

[1]The Debtor asserts that she and Rice were married in Reno, Nevada in 1970.

[2]The Debtor was accused and pleaded guilty to conspiring with members of her family to obtain Rice's property.



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 2 of 14

cooperate in discovery. A jury trial was held on the issue of damages.

The Debtor filed a petition seeking relief under chapter 11 of the Bankruptcy Code on February 24, 2005. The case was converted to chapter 7 on January 10, 2006. The Debtor has received her discharge from debts that are dischargeable. Whether the Debt is one of the debts that have been discharged is the subject of this adversary proceeding.

**DISCUSSION**

The Complaint seeks a judgment declaring that the Debt is nondischargeable based on 11 U.S.C. § 523(a)(2)(A), (4), and (6). In her motion for summary judgment, the Plaintiff contends that she is entitled to summary judgment under each of these subsections as a matter of collateral estoppel. The Debtor, who is pro se, makes a variety of arguments, both legal and factual, as to why she, rather than the Plaintiff, is entitled to summary judgment. These arguments are repeated in her opposition to the Plaintiff's summary judgment motion. For that reason, the Court will address the merits of the Debtor's motion for summary judgment at the same time as the merits of her opposition to the Plaintiff's motion.

**Plaintiff's Motion**

The Plaintiff's motion for summary judgment (the "Plaintiff's Motion") is supported by a Memorandum of Points and Authorities (the "Plaintiff's Points and Authorities") and by two declarations: i.e., a declaration by the Plaintiff (the "Plaintiff's Declaration") and

a declaration by J. Kenneth Gorman (the "Gorman Declaration), the Plaintiff's attorney.

In the Plaintiff's Declaration, the Plaintiff states that she is Rice's daughter and has been declared his sole heir. She states that Rice moved to the Virgin Islands with the Debtor and her three sons in 1985 after his retirement. The Plaintiff became concerned about her father's well being when he failed to arrive for a scheduled visit to California in July 1986. When she was unable to contact him in the Virgin Islands, she communicated her concerns to the FBI and hired a local attorney and an attorney and investigator in the Virgin Islands. Through these efforts, she discovered that her father had disappeared. She also discovered that the Debtor had returned to California after having taken possession of and/or sold all of Rice's possessions, using forged or altered documents. She learned that the Plaintiff had obtained assistance in converting her father's assets from various family members.

The Plaintiff states that, after her father was identified as missing, a conservatorship was established for his estate, and she was appointed conservator. As such, she was able to prevent some of her father's assets from being dissipated. Her father was declared deceased in 1989. At that point, she was named administratrix of his decedent estate.

The Plaintiff states that she was intimately involved in the criminal investigations and prosecutions against the Debtor that led to the Criminal Judgment. As conservator of her father's estate, she also commenced and prosecuted the civil action that led to the Civil

Judgment. She notes that, although the Debtor has been incarcerated since being sentenced, during that incarceration, she has filed suits against the Plaintiff, the Plaintiff's attorney, and members of the government, including a suit in the Virgin Islands alleging a conspiracy against her. According to the Plaintiff, the Debtor asserts that she obtained a default judgment in that action. On that theory, the Debtor contends that the Criminal and Civil Judgments against her are void. The Plaintiff denies ever having been served with a complaint in any such action.

In his declaration, Gorman identifies himself as a California attorney who has been representing the Plaintiff since Rice's disappearance in 1986. He states that he assisted the Plaintiff in providing information to the government authorities in the criminal proceeding against the Debtor. He was also the attorney of record in the civil action brought by the Plaintiff against the Debtor in Contra Costa Superior Court. Gorman states that, in that action, the Debtor was found liable for fraud, conspiracy, and forgery as a result of her failure to respond to discovery. The case proceeded to trial on the issue of damages. The court entered judgment against the Debtor for compensatory damages of $1,500,000 and punitive damages of $1 million.

Attached to Gorman's Declaration are a series of Exhibits which he identifies in his declaration as follows:

Exhibit A--Complaint, Statement of Decision, and Judgment in 1989 Contra Costa Superior Court Action

Exhibit B--Denial of Debtor's Appeal from Judgment in 1989 Contra Costa Superior Court Action

Exhibit C--Order of Final Distribution from Rice's Decedent Estate in Probate Case

Exhibit D--Notice of Debtor's Appeal from Judgment in 1989 Contra Costa Superior Court Action

Exhibit E--Debtor's Signed Plea Agreement, Orders of Judgment and Commitment, and Information in Virgin Island Criminal Proceeding

Exhibit F--Decision Memorandum in Virgin Island Criminal Proceeding

Exhibit G--Debtor's Habeas Corpus Motion

Exhibit H--District Court Decision Denying Habeas Corpus Motion

Exhibit I--Third Circuit's Decision Denying Debtor's Appeal From Judgment in Virgin Island Criminal Proceeding

Exhibit J--Debtor's Complaint Against Plaintiff, Her Counsel, and Various Others filed in U.S. District Court in San Francisco

Exhibit K--Order Granting Defendants Summary Judgment Motion in U.S. District Court Action

Exhibit L--Dismissal of Debtor's Appeal From Judgment in U.S. District Court Action

Exhibit M-—Complaint C94-03675, Filed By Debtor Against Plaintiff and Her Counsel in Contra Costa Superior Court, Order Granting Demurrer Without Leave To Amend, and Notice of Dismissal of Debtor's Appeal



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 6 of 14

Exhibit N-–Complaint C94-05079, filed By Debtor Against Plaintiff and Her Counsel in Contra Costa Superior Court and Order Granting Demurrer Without Leave To Amend

Exhibit O–-Order Dismissing With Prejudice Debtor’s Bankruptcy Filed in Virgin Islands in 1995.

These exhibits provide further substantiation for the facts set forth in the Plaintiff’s and Gorman’s Declaration.

In Plaintiff’s Points and Authorities, the Plaintiff argues that, based on the evidence presented above, she is entitled to summary judgment, declaring the Debtor nondischargeable under 11 U.S.C. § 523(a)(2)(A), (4), and (6). Section 523(a)(2)(A) makes nondischargeable a debt for money or property obtained through fraud or false pretenses. 11 U.S.C. § 523(a)(2)(A). Section 523(a)(4) makes nondischargeable a debtor for embezzlement or larceny. 11 U.S.C. § 523(a)(4). Section 523(a)(6) makes nondischargeable a debt for willful and malicious injury to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6).

The Plaintiff contends that the record of the criminal proceeding in the Virgin Islands, as memorialized in Exhibit E, compels the Court to grant summary judgment on all three claims. In that proceeding, the Debtor confessed to stealing Rice’s property through the use of forged and altered documents. The Plaintiff contends that this constitutes both fraud, giving her a right to a nondischargeable judgment under 11 U.S.C. § 523(a)(2)(A), and larceny, giving her the right to a nondischargeable judgment under 11 U.S.C. § 523(a)(4). She also contends that the evidence presented



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 7 of 14

above establishes as a matter of law that the Debtor's actions were willful and malicious in accordance with the standards set forth in Kawaauhau v. Geiger, 523 U.S. 57 (1998) and In re Jercich, 238 F.3d 1202 (9th Cir. 2001). Thus, the Plaintiff argues, the undisputed facts give her the right to summary judgment on all three claims as a matter of collateral estoppel.

She is correct. See Grogan v. Garner, 498 U.S. 279 (1991). As the Plaintiff notes, there are five requirements for collateral estoppel: (1) an identity of issues, (2) an identity of parties, (3) a final judgment on the merits, (4) the issue must have been actually decided in the prior action, and (5) the issue must have been necessarily decided in the prior action. The evidence presented above satisfies each of these requirements.

**Debtor's Motion and Opposition to Plaintiff's Motion**

The Debtor filed an opposition to the Plaintiff's motion which she executed under penalty of perjury (the "Debtor's Opposition Declaration"). In it, as noted above, the Debtor claims that she was married to Rice in Reno, Nevada in 1970, was an equal owner of the property in question, and therefore could not have stolen the property because it already belonged to her. She states that Rice did not disappear; he left the Virgin Islands of his own free will. The Debtor also asserts that Rice did not want the Plaintiff to be his heir. She notes that she was never allowed to be heard in the probate proceeding.

The Debtor contends that the Plaintiff acted maliciously in bringing the criminal proceeding against her in the Virgin Islands.



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 8 of 14

She states that the proceeding was unlawful and that the Criminal Judgment is therefore moot. She denies ever having forged Rice's signature.

The Debtor also asserts that the Plaintiff acted maliciously in bringing the civil action against her in Contra Costa Superior Court, in which action the Debt was established, and that the Civil Judgment obtained by the Plaintiff is unconscionable and evil. She states that she was not allowed to be heard in that action in violation of her rights. She contends that the Plaintiff and Gorman, while acting as fiduciaries, colluded in obtaining the Civil Judgment. She notes that civil judgments may be set aside where, as here, they were obtained by collusion.

Finally, the Debtor contends that the Plaintiff has presented no competent evidence in support of her motion. She asserts that the evidence presented by the Plaintiff is too old to be considered. She also claims that she was not properly served.

The Debtor contends that collateral estoppel should not be applied here because, after entry of the Civil and Criminal Judgments, subsequent events have occurred which alter the parties' legal rights. In this case, the subsequent event is a 2005 Virgin Island nihil dicit judgment. In support of this contention, she refers the Court to her Request for Judicial Notice.

There are eight exhibits attached to the Debtor's Request for Judicial Notice as follows:

Exhibit A–-Motion To Vacate Void Judgments Filed in the Criminal Proceeding in the Virgin Islands

Exhibit B--Ex Parte Petition for Writ of Mandamus Filed in third circuit Court of Appeals

Exhibit C--Petition for Writ of Certiorari Filed in United States Supreme Court

Exhibit D--Letter From Supreme Court to the Debtor Acknowledging Receipt of the Writ of Certiorari

Exhibit E--Government's Waiver of Right to Respond to Debtor's Petition for Writ of Certiorari

Exhibit F--Letter From Department of Justice to the Debtor Acknowledging Receipt of Administrative Tort Claim

Exhibit G--Letter From Department of Justice to the Debtor Providing Contact Information Regarding Claims Adjuster to Whom Claim Was Assigned

Exhibit H--Defendant's Request for Judicial Notice Filed in this Adversary Proceeding

All of the Debtor's Exhibits are simply pleadings prepared by the Debtor herself or letters written to her acknowledging receipt of claims made by her. There is nothing attached that is identifiable as a 2005 Virgin island nihil dicit judgment. Similarly, there is no evidence of a default judgment against the Plaintiff.

**DECISION**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) provides that the Court should grant summary judgment if the evidence presented by the moving party is sufficient to establish



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 10 of 14

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The facts set forth in the two declarations and the exhibits attached to those declarations satisfy the Plaintiff's initial burden. The Criminal and Civil Judgments support the conclusion the Plaintiff is entitled to a judgment declaring that the Debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), (4), and (6) as a matter of law based on the doctrine of collateral estoppel. See Grogan v. Garner, 498 U.S. 279, 284-86, 290 (1991).

To successfully oppose such a motion, the nonmoving party must present sufficient evidence to establish that there is a genuine issue of material fact. Matsushita Elec. v. Zenith Radio Corp., 475 U.S. 574 (1986). The Debtor's declaration sets forth factual disputes: e.g., whether or not the Debtor was married to Rice. However, given the Criminal and Civil Judgments, these disputed facts are not material. The Debtor plead guilty to the crimes of fraud, forgery, and conspiracy based upon which the Criminal Judgment was granted. The Civil Judgment, which created the Debt is a final judgment. These judgments give rise to a right to judgment of nondischargeability under 11 U.S.C. § 523(a)(2)(A), (4), and (6) with respect to the Debt as a matter of law. The Court cannot look behind the judgments to determine factual disputes that might previously have been relevant.

The Debtor contends that the Criminal and Civil Judgments are void. However, she has failed to present any competent evidence to

support that contention. If she wishes to set aside the judgments, she must apply to the courts that issued them to do so. Since she has failed to do so to date, or at least has not presented competent evidence that she has accomplished this, the Court must honor the judgments by giving them collateral estoppel effect.

The Debtor also contends that she was improperly served in this adversary proceeding. Whether or not this is true, she has appeared and has therefore waived any service defect. Similarly, she contends that she has not been permitted to appear by telephone at various hearings in this proceeding. Given the Debtor’s incarceration, there may have been some confusion in arranging for such an appearance earlier in the case. However, nothing occurred at any such hearing, at which she did not appear, that affected her rights. She did appear by telephone at the hearing on these motions and was heard.



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 12 of 14

## CONCLUSION

For the reasons stated above, the Plaintiff's motion for summary judgment will be granted, and the Debtor's motion for summary judgment will be denied.[3] The Plaintiff's counsel is directed to submit a proposed form of judgment in accordance with this decision.

END OF DOCUMENT

[3]The Plaintiff also seeks sanctions under Rule 56(g) of the Federal Rules of Civil Procedure, on the ground that the Debtor's Declaration was filed in bad faith. The Court declines to grant this request. First, it was not identified in the title of the pleading. Second, issues of good or bad faith generally require an evidentiary hearing. Such a hearing would be difficult to arrange in this proceeding given the Debtor's incarceration. Imposing sanctions under Rule 56(g) is only mandatory if the Court is satisfied that the affiant has filed her affidavit in bad faith. Without an evidentiary hearing, the Court would not be satisifed as to the Debtor's state of mind. Moreover, the Court questions the punitive or deterrent power of any such sanctions given the amount of the Civil Judgment.

COURT SERVICE LIST

Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th St. - Camp Parks
Dublin, CA 94568

Paul W. Moncrief
Law Offices of Lombardo and Gilles
318 Cayuga St.
P.O. Box 2119
Salinas, CA 93902



Case: 06-04113 Doc# 73 Filed: 08/31/07 Entered: 08/31/07 17:43:04 Page 14 of 14